### MISTRETTA v. FAMILIAR ASS'N OF MUTUAL BENEVOLENCE.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

BENEFICIAL ASSOCIATIONS ⊚═18—BY-LAWS—RESIDENCE—"LEAVE."

The by-law of a benevolent association, which provides that "a member who leaves Greater New York to establish himself in other cities shall remain a member," but shall not be entitled to sick benefits, does not apply to a member who has, with the knowledge of the society, lived outside Greater New York both before and after joining the society.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. ⊚═18.

For other definitions, see Words and Phrases, First and Second Series, Leave.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Filippo Mistretta against the Familiar Association of Mutual Benevolence. From a judgment for plaintiff, defendant appeals. Affirmed.

---

See, also, 89 Misc. Rep. 136, 151 N. Y. Supp. 518.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Charles E. Russell, of Brooklyn (Lawrence J. McGoldrick, of Brooklyn, of counsel), for appellant.

Francis Mezzatesta, of New York City, for respondent.

PER CURIAM. Plaintiff sued alleging that he was entitled to the sum of $7 for one week's "sick benefit" for illness in February, 1914. Defendant, besides defending, counterclaimed for $10 motion costs. The judge awarded the defendant $3, thus in effect allowing plaintiff's claim. In 1913 defendant, over plaintiff's protest, passed an amendment to its by-laws which, inter alia, provides that:

"A member who *leaves* Greater New York to establish himself in other cities," etc., "shall remain a member. * * * However *the* member who is outside of Greater New York shall not receive sick benefits," etc.

In the agreed state of facts contained in the record, it is conceded that the plaintiff lived in Newark, both before and after he joined the society, and that the society knew this fact. It is not, therefore, necessary to decide whether the by-law is unreasonable, or violative of plaintiff's rights, since it does not apply to him, as he did not *leave* Greater New York. It is also admitted that defendant was always a member in good standing.

Upon the present state of the record the judgment should be affirmed, with $25 costs.